IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN BOUCHER,

    Plaintiff,

v.                                   Case No. 18-CV-0760

DR. MARTIN AND DEBRA TIDQUIST,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Dr. W. Bradley Martin and Debra Tidquist, by their attorneys, Attorney General Brad D. Schimel, and Assistant Attorney General Gesina S. Carson, hereby respond to Plaintiff's Complaint as follows:

INTRODUCTION

1. In responding to paragraph 1 of Plaintiff's Complaint, Defendants **DENY** they were negligent or showed deliberate indifference to Plaintiff's medical needs.

JURISDICTION AND VENUE

2. In responding to paragraph 2 of Plaintiff's Complaint, Defendants **ADMIT** jurisdiction is proper.

3. In responding to paragraph 3 of Plaintiff's Complaint, Defendants **ADMIT** venue is proper.

PARTIES

4. In responding to paragraph 4 of Plaintiff's Complaint, Defendants **ADMIT**.

5. In responding to paragraph 5 of Plaintiff's Complaint, Defendants **ADMIT**.

6. In responding to paragraph 6 of Plaintiff's Complaint, Defendants **ADMIT**.

ALLEGATIONS OF FACT: Events Leading to Right Shoulder Injury

7-9. In responding to paragraphs 7-9 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

ALLEGATIONS OF FACT: Events Prior to Orthopedic Consultation

10. In responding to paragraph 10 of Plaintiff's Complaint, Defendants **ADMIT** Plaintiff arrived at DCI on February 24, 2015, but lack personal knowledge to form a response about the remainder of the allegations in this paragraph and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

11-12. In responding to paragraphs 11-12 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has

not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

13. In responding to paragraph 13 of Plaintiff's Complaint, Defendants **ADMIT** Plaintiff arrived at JCI on May 5, 2015, but lack personal knowledge to form a response about the remainder of the allegations in this paragraph and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

14-15. In responding to paragraphs 14-15 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

16. In responding to paragraph 16 of Plaintiff's Complaint, Defendants **DENY**.

17. In responding to paragraph 17 of Plaintiff's Complaint, Defendants **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

18. In responding to paragraph 18 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided

a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

19.  In responding to paragraph 19 of Plaintiff's Complaint, Defendants lack personal knowledge about Plaintiff's use of the Inmate Complaint Review System and therefore **DENY**.

20.  In responding to paragraph 20 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response about what Plaintiff may have written to a person not a party to this lawsuit and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

21.  In responding to paragraph 21 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response about what a person not a party to this lawsuit may have written to Plaintiff and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

22.  In responding to paragraph 22 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

23-28. In responding to paragraphs 23-28 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

ALLEGATIONS OF FACT: The Diagnosis

29-30. In responding to paragraphs 29-30 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

31. In responding to paragraph 31 of Plaintiff's Complaint, Defendants lack personal knowledge about Plaintiff's use of the Inmate Complaint Review System and therefore **DENY**.

CAUSES OF ACTION: COUNT ONE - Deliberate Indifference

32. No allegations are made in paragraph 32 and no response is required. To the extent a response is needed, Defendants **DENY**.

33. In responding to paragraph 33 of Plaintiff's Complaint, Defendants **DENY**. To the extent this information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

34. In responding to paragraph 34 of Plaintiff's Complaint, Defendants lack personal knowledge to form a response and therefore **DENY**. To the extent this

5

information may be contained in Plaintiff's medical records, Plaintiff has not provided a signed release authorization to permit Defendants to use his records in preparing this response and therefore further **DENY**.

35. In responding to paragraph 35 of Plaintiff's Complaint, Defendants **DENY**.

36. In responding to paragraph 36 of Plaintiff's Complaint, Defendants **DENY**.

37. In responding to paragraph 37 of Plaintiff's Complaint, Defendants **DENY**.

38. In responding to paragraph 38 of Plaintiff's Complaint, Defendants **DENY**.

CAUSES OF ACTION: COUNT TWO - Medical Malpractice/Negligence

39. No allegations are made in paragraph 39 and no response is required. To the extent a response is needed, Defendants **DENY**.

40. In responding to paragraph 40 of Plaintiff's Complaint, Defendants allege this calls for a legal conclusion.

41. In responding to paragraph 41 of Plaintiff's Complaint, Defendants **DENY**.

42. In responding to paragraph 42 of Plaintiff's Complaint, Defendants **DENY**.

43. In responding to paragraph 43 of Plaintiff's Complaint, Defendants **DENY**.

44. In responding to paragraph 44 of Plaintiff's Complaint, Defendants **DENY**.

45. Defendants **DENY** Plaintiff is entitled to any of the relief requested.

46. Anything not expressly answered above is hereby **DENIED**.

## AFFIRMATIVE DEFENSES

1. All or portions of Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. To the extent that Defendants are named in their personal capacities, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of qualified immunity.

3. To the extent that Defendants are named in their official capacities, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997e(e).

5. All or a portion of Plaintiff's complaint is subject to or barred by the doctrines of comparative negligence or contributory negligence.

6. Any damages sustained by Plaintiff were caused by intervening and/or superseding causes over which these answering Defendants had no control, including but not limited to, the acts or omissions of the Plaintiff.

7. This action is subject to the requirements, provisions, terms, conditions, and limitations of Wis. Stat. § 893.82.

8. All or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of discretionary immunity.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing Plaintiff's complaint, and an order awarding Defendants' attorneys' fees, as well as such other and further relief as the Court deems appropriate.

Dated: December 14, 2018.

    Respectfully submitted,

    BRAD D. SCHIMEL
    Attorney General of Wisconsin

    <u>s/Gesina S. Carson</u>
    GESINA SEILER CARSON
    Assistant Attorney General
    State Bar #1055162

    Attorneys for Defendants Martin and Tidquist

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1672
(608) 267-8906 (Fax)
carsongs@doj.state.wi.us