IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN BOUCHER,

                Plaintiff,

  v.

DR. MARTIN and DEBRA TIDQUIST,

                Defendants.

ORDER

18-cv-760-jdp

---

Pro se plaintiff and prisoner John Boucher is proceeding on a claim that defendants Martin and Tidquist (a physician and a nurse at Jackson Correctional Institution) violated his rights under the Eighth Amendment and Wisconsin's common law of negligence by refusing to diagnose and treat his shoulder injury for such a long period of time that the damage became irreparable. Defendant Tidquist has moved for an extension of time to name an expert and file a motion for summary judgment, in part because Martin has died. Dkt. 15. Although this occurred in June 2019, counsel for Tidquist say that they didn't learn about it until "last week."

There is a broader issue that Tidquist doesn't address in the motion, which is the effect of Martin's death on Boucher's claim. Because Tidquist's motion is giving notice of the death of a party, it qualifies as a "suggestion of death" under Federal Rule of Civil Procedure 25(a).[1] As set forth in *Atkins v. City of Chicago*, 547 F.3d 869, 870–74 (7th Cir. 2008), Rule 25 requires

---

[1] Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

the party filing the suggestion of death to both identify the proper party to be substituted and serve that individual with the notice. Until proper service is effectuated, the 90-day deadline for substitution is not triggered. *Id.* at 874 ("[N]othing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor.").

I will give defendant Tidquist an opportunity to identify the proper party to be substituted and then to serve the notice on that party. The proper party is "the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Id.* at 873. Once that occurs, Boucher will have 90 days to file a motion for substitution. Alternatively, the Department of Justice may wish to follow the approach from other cases, in which the department has entered into a stipulation with the plaintiff, agreeing to pay any damages that may be awarded in the case against the deceased defendant. *See, e.g.*, *Bergeron-Davila v. Parenteau*, No. 17-cv-729-jdp (W.D. Wis.), Dkt. 37; *LaBrec v. Meeker*, No. 17-cv-485-jdp (W.D. Wis.), Dkt. 32-2.

Regardless which option Tidquist chooses, it will cause a significant delay in the case, so the current deadlines are no longer realistic. I will strike the schedule and deny Tidquist's motion as moot. I will reset the schedule after resolving the substitution issue.

ORDER

IT IS ORDERED that:

1. Defendant Tidquist may have until October 11, 2019, to do one of the following things: (1) serve the proper party with notice of death and file proof of service; (2) file a stipulation with Boucher regarding how the claim against Martin will proceed; or (3) show cause why she was unable to do either (1) or (2).

2. If Tidquist files proof of service, Boucher will have 90 days to file a motion for substitution under Federal Rule of Civil Procedure 25.

3. The remaining deadlines and trial date are STRUCK. The court will reset the schedule after resolving the issue regarding Martin's substitution.

4. Tidquist's motion for an extension of time, Dkt. 15, is DENIED as moot.

Entered September 6, 2019.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge