IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN BOUCHER,

                Plaintiff,

v.

W. BRADLEY MARTIN,

                Defendant.

ORDER

18-cv-760-jdp

---

Pro se plaintiff John Boucher is proceeding on a claim that defendant W. Bradley Martin failed to adequately treat a torn rotator cuff his until it was too late to be repaired, in violation of the Eighth Amendment and state common law. The court stayed the case to recruit counsel to represent Boucher, but now attorney Lonnie Story has volunteered. Story has taken the case with the understanding that he will serve with no guarantee of compensation for his services.

It is the court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a notice of appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit. The court also intends that the scope of representation be limited to litigating Boucher's current claims. It is unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed. Counsel should focus on doing what is necessary to prepare the case for trial. If counsel believes that he needs to file an amended complaint, he will have to meet the requirements of Fed. R. Civ. P. 15.

Boucher should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit counsel to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Boucher does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If Boucher decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered August 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge