IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN BOUCHER,

    Plaintiff,

v.     Case No. 18-CV-760

W. BRADLEY MARTIN,

    Defendant.

**DEFENDANT'S BRIEF IN OPPOSITION TO MOTION TO AMEND COMPLAINT**

Plaintiff John Boucher seeks leave to amend his complaint, requesting to add a new Defendant, Tammy Maassen, and an individual capacity claim against her, founded solely on the theory of supervisory liability. (Dkt. 50 at 7-15.) Allowing Boucher to file a significant new claim against a new defendant this late in the litigation would cause undue delay and prejudice and would be futile in any event. Accordingly, Defendant respectfully requests that this Court exercise its discretion to deny leave for Boucher to file an amended complaint.

**ARGUMENT**

Although Rule 15(a)(2) states that a court should freely grant a party leave to amend its pleadings when justice requires, a request to amend may be

denied on several grounds, including undue delay, undue prejudice to the party opposing the motion, or futility of the amendment. *Sound of Music v. Minn. Mining and Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007). If the amended claim would not survive a motion for summary judgment, the amendment is futile. *Id.* citing *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Further, because Boucher is a prisoner, the amended complaint must be screened by the Court under 28 U.S.C. § 1915A.

Boucher's motion for leave to proceed against Maassen should be denied. This case already has proceeded past summary judgment. (Dkt. 45.) In the Court's order appointing counsel, the Court noted that "[i]t is unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed" and that counsel would need to meet the requirements of Fed. R. Civ. P. 15 if he believes he needs to file an amended complaint. (Dkt. 46 at 1.)

In the Preliminary Pretrial Conference Order filed September 10, 2020, the Court set a discovery cutoff date of April 2, 2010 (Dkt. 47 at 3) and a trial date of May 10, 2021 (Dkt. 47 at 5). The Court stated that "the later a party seeks leave of the court to amend, the less likely it is that justice will require the amendment." (Dkt. 47 at 1.) In its October 9, 2020 order striking Boucher's amended complaint with no motion for leave to amend, the Court added that "[b]ecause this case has already proceeded past the summary judgment stage,

2

plaintiff will have to make a persuasive case that the interest of justice requires amendment at this late date." (Dkt. 49.)

Boucher fails to persuade that the interest of justice requires amendment at this late date. The Court would need to screen the proposed amended complaint. Even if the new claim survived screening, the new Defendant would have little time to prepare discovery and dispositive motions related to the new claim.

In any event, the new claim likely would be dismissed, making the change futile. In his proposed amended complaint (Dkt. 50), Boucher seeks to add an individual capacity claim against Maassen founded solely on the theory of supervisory liability. Boucher does not allege any facts stating that Maassen had any personal participation in the incidents giving rise to this lawsuit. (*See* Dkt. 50 at 7-15.)

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971).

Boucher alleges that Maassen reviewed a May 2015 complaint regarding denial of Boucher's wheelchair request. (Dkt. 50 at 3-4.) Boucher contends that, because Maassen reviewed the May 2015 complaint, "by May 2015 Maassen was on notice of a widespread practice at JCI of nursing staff ignoring the serious medical needs of detainees like Plaintiff, thereby exposing them to unreasonable risk of harm." (Dkt. 50 at 8.)

Boucher provides no evidence of this alleged systemic deficiency. Moreover, the Court already dismissed Boucher's claims against Nurse Debra Tidquist. (Dkt. 45 at 1.) The sole remaining defendant is a physician, W. Bradley Martin. Boucher fails to show how Maassen knew of or had any authority to address a systemic deficiency even if it existed through determining the staffing levels of physicians. Accordingly, Boucher's proposed claim against Maassen fails as a matter of law, rendering amendment futile.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court exercise its discretion to deny leave for Boucher to file an amended complaint.

Dated this 8th day of December, 2020.

> Respectfully submitted,
>
> JOSHUA L. KAUL
> Attorney General of Wisconsin

4

        <u>s/ Sandra L. Tarver</u>
        SANDRA L. TARVER
        Assistant Attorney General
        State Bar #1011578

        Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7630
(608) 267-8906 (Fax)
tarversl@doj.state.wi.us